# EXHIBIT A

## INDEX OF DOCUMENTS FILED IN STATE COURT

| | DOCUMENT | DATE FILED |
|---|---|---|
| A-1 | State Court Docket Sheet | |
| A-2 | Plaintiff's Original Complaint | 08/10/21 |
| A-3 | Plaintiff's Statement of Inability to Afford Payment of Court Costs | 08/10/21 |
| A-4 | Court Notice of Dismissal Setting | 08/31/21 |

## Case Information

DC-21-11041 | RAHCHIDATOU ABIBOU vs. ENVOY AIR INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-11041 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 08/10/2021 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
ABIBOU, RAHCHIDATOU

Active Attorneys
Pro Se

Address
1121 BEACHVIEW STREET
APT 3106
DALLAS TX 75218

DEFENDANT
ENVOY AIR INC

Address
C/O DANIEL E FARRINGTON REGIONAL MANAGING PARTNER
FISHER & PHILLIPS LLP
7501 WISCONSIN AVE SUITE 1220W
BETHESDA MD 20814

## Events and Hearings

08/10/2021 NEW CASE FILED (OCA) - CIVIL

08/10/2021 AFFIDAVIT INABILITY TO PAY

AFFIDAVIT OF INABILITY

08/10/2021 ORIGINAL PETITION

A-1

ORIGINAL PETITION

10/22/2021 DISMISSAL FOR WANT OF PROSECUTION

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

ABIBOU, RAHCHIDATOU

| | |
|---|---|
| Total Financial Assessment | $292.00 |
| Total Payments and Credits | $0.00 |

| | | |
|---|---|---|
| 8/18/2021 | Transaction Assessment | $292.00 |

## Documents

AFFIDAVIT OF INABILITY

ORIGINAL PETITION

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

A-1

FILED
8/10/2021 5:31 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

No. DC-21-11041

RAHCHIDATOU ABIBOU,
Plaintiff,

V.

IN THE DISTRICT COURT OF
DALLAS COUNTY, TEXAS
101st

ENVOY AIR INC.,
Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, the Plaintiff, Rahchidatou Abibou, ("Rahchida") and complains of Defendant, Envoy Air Inc., and would respectfully show unto the Court as follows:

PARTIES

1. The Plaintiff, Rahchida Abibou is a Black female from the Ivory Coast, Africa, and resides in the City of Dallas, Dallas County, Texas.

2. The Defendant, Envoy Air, Inc., is a For-Profit Corporation organized and existing under the laws of the State of Texas, registered to do business in the State of Texas with its principal place of business located at 2400 Aviation Dr, DFW Airport, TX 75261.

3. Envoy Air, Inc.'s agent for service of process is Daniel E. Farrington, located at Envoy Air Inc. c/o Daniel E. Farrington Regional Managing Partner Fisher & Phillips LLP 7501 Wisconsin Avenue, Suite 1220W Bethesda, MD 20814.

## JURISDICTION AND VENUE

4. This is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e to 2000e-17.

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 42 U.S.C. 2000e-5.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 (b) and 42 U.S.C. 2000e-5(f)(3) because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

## ADMINISTRATIVE PREREQUISITES

7. Abibou timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC). Abibou files this complaint within 90 days of receiving a notice of the right to sue from the EEOC.
A copy of this notice of the right to sue is attached as Exhibit "A".

## GENERAL FACTUAL BACKGROUND

8. At all relevant times herein, Envoy Air, Inc., was qualified as an "employer" within the meaning of Title VII as it has "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. 2000e(b).

9. At all relevant times herein, Abibou was qualified as an "employee" of the Defendant within the meaning of Title VII. See 42 id. 2000e(f) (defining "employee" as "an individual employed by an employer").

10. On or about January 7, 2019, following a hiring decision by Envoy Air Inc., Abibou, a Black female from the Ivory Coast, Africa, was hired by Envoy Air Inc. in the capacity of a Fleet Service Clerk and contracted to work with Envoy Air.

11. Beginning March 18, 2019, and continuing through June 20, 2019, Abibou was repeatedly subjected to discrimination based on her sex, race, and hostile work environment.

12. During the relevant time period, Abibou complained to Envoy Air's managers that during company time, she was being verbally and sexually harassed and treated poorly compared to the non-Black employees because she is a Black female.

13. On or about June 5, June 19 and June 20, 2019, Plaintiff brought to the attention of Envoy Air's managers that during company time, she was being harassed and treated poorly compared to the male employees because she is a female.

14. Defendants knew or should have known of said defamation, and retaliated against Abibou after she reported the incident to Envoy Air Inc.

15. Defendant's actions toward Plaintiff who engaged in protected activity constitutes a violation of Title VII.

16. As a proximate result of Defendants' actions, omissions, and retaliatory conduct, Abibou has suffered from the loss of income, bonus pay, vacation time, and will continue to suffer, serious mental and physical anguish.

## FIRST CLAIM

## (UNLAWFUL DISCRIMINATION BASED UPON SEX AND RACE)

17. Paragraphs 1 through 16 above are hereby incorporated by reference as though fully set forth in this claim.

18. Defendant has unlawfully discriminated against Plaintiff based on her sex and race (Black) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-16 et. seq. as amended.

19. Abibou is a member of a protected group based on her sex/race/national origin (Ivory Coast, Africa).

20. Envoy Air Inc. treated Abibou less favorably then similarly situated employees who are male and not Black from the Ivory Coast, Africa.

21. Envoy Air Inc. discriminated against Abibou in the terms and conditions of her employment on the basis of her protected group status (sex, female and Ivory Coast, Africa), in violation of Title VII.

22. Abibou suffered and continues to suffer irreparable injury and monetary damage as a result of Defendant's discriminatory practices.

SECOND CLAIM

(UNLAWFUL DISCRIMINATION BASED ON RETALIATION)

23. Paragraphs 1 through 22 above are hereby incorporated by reference as though fully set forth in this claim.

24. Envoy Air Inc. through its agents has retaliated against Abibou, inter alia, by denying her opportunities for employment on the basis of her having opposed violations of company policy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-16 et. seq. as amended.

25. Envoy Air Inc., through its agents, were aware of Abibou's opposition to illegal practices.

26. Envoy Air Inc.'s Policy Manual, states:

Treatment and Respect for others while assigned to Envoy Air Inc.:

- The Envoy Air Inc. work environment shall at all times be free from discrimination based on race, color, religion, national origin, sex, age, disability, sexual preference or orientation, marital status, or any unlawful factor.
- All laws and regulations shall be strictly complied with.
- Envoy Air Inc. will not permit any conduct that creates an intimidation or offensive work environment. This includes, but is not limited to racist, sexist, ethnic, or homophobic comments or jokes; sexual advantages, inappropriate physical contact; or sexually oriented gestures, pictures, jokes or statements.

27. On or about July 4, 2019, Abibou was notified by Envoy Air's HR, Barbara Russell that a decision was made to terminate Abibou claiming "your actions and behavior in the June 20 incident were not consistent with Envoy's expectations of our employees and were in violation of our Guiding Principles and Culture of Respect".

28. Envoy Air, through its managers and HR, took adverse employment action against Abibou, including failing to investigate the issue.

29. Envoy Air knew or should have known of said defamation and retaliated against Abibou after she reported the incident to Envoy Air's managers.

30. Envoy Air took action toward Abibou who engaged in protected activity constitutes a violation of Title VII.

37. As a proximate result of Envoy Air's actions, omissions and retaliatory conduct, Abibou has suffered from the loss of income, bonus pay, vacation time, and will continue to suffer, serious mental and physical anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

1. Issue a permanent injunction:

   a. Requiring defendant to abolish discrimination;

   b. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   c. Requiring removal or demotion of all managers who have violated the agency's policies and failed to meet their legal responsibilities to promptly investigate complaints or to take effective action to stop and deter prohibited personnel practices against employees;

   d. Establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

   e. Creating a process for the prompt investigation of harassment and reprisal complaints; and

   f. Requiring mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations, and appropriate corrective actions.

2. For such damages, including back pay, front pay and benefits, overtime compensation as Plaintiff is entitled to under Title VII of the Civil Rights Act;

4. For other and further damages, including compensatory damage for Plaintiff's emotional and physical distress, as may be proven at trial;

5. For an order commanding Defendant to cease and desist from any employment practice which discriminates against Plaintiff or others on the basis of sex, race or national origin or in retaliation against the person because she complains;

6. For award of costs of suit including reasonable attorney's fees, including fees under 29 U.S.C. 216(b); and

7. For such other and further relief as the Court may consider just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS ALLOWED BY LAW

Respectfully submitted,

08/03/2021

Rahchidatou Abibou
Texas State Bar No. N/A
1121 Beachview Street, Apt 3106
Dallas, TX 75218
Tel: (214) 702-2356
Fax: N/A
Email: rahchida.abibou@gmail.com

Exhibit "A"

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Rahchida Abibou**
**1121 Beachview Street**
**Apt. 3106**
**Dallas, TX 75218**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street South**
**Birmingham, AL 35205**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2020-01657** | **LASHAUNDA LOVE, Investigator** | **(205) 651-7039** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

for James E Love Sr

**BRADLEY A. ANDERSON,**
**District Director**

MAY 3 - 2021
*(Date Issued)*

Enclosures(s)

cc: **Envoy Air Inc.**
**c/o Daniel E. Farrington**
**Regional Managing Partner**
**Fisher & Phillips LLP**
**7501 Wisconsin Avenue, Suite 1220W**
**Bethesda, MD 20814**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

### PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

FILED
8/10/2021 5:31 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: DC-21-11041
(The Clerk's office will fill in the Cause Number when you file this form)

Plaintiff: Rahchidatou Abibou (Print first and last name of the person filing the lawsuit.)

And

Defendant: Envoy Air Inc. (Print first and last name of the person being sued.)

In the (check one):
101st Court Number
☒ District Court
☐ County Court / County Court at Law
☐ Justice Court

Dallas County, Texas

## Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

### 1. Your Information

My full legal name is: Rahchidatou (First) O. (Middle) Abibou (Last) My date of birth is: 10/22/80 (Month/Day/Year)

My address is: (Home) 121 Beachview street, Apt 3106
(Mailing) Dallas, TX 75218

My phone number: 214.702.356 My email: rahchida.abibou@gmail.com

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

### 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

☐ I do not receive needs-based public benefits. **- or -**

☒ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*

☒ Food stamps/SNAP ☐ TANF ☐ Medicaid ☐ CHIP ☐ SSI ☐ WIC ☐ AABD
☐ Public Housing or Section 8 Housing ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☐ Telephone Lifeline ☐ Community Care via DADS ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: ______

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ NA in monthly wages. I work as a ________ (Your job title) for ________ (Your employer).

$ NA in monthly unemployment. I have been unemployed since (date) ________.

$ NA in public benefits per month.

$ NA from other people in my household each month: (List only if other members contribute to your household income.)

$ NA from ☐ Retirement/Pension ☐ Tips, bonuses ☐ Disability ☐ Worker's Comp ☐ Social Security ☐ Military Housing ☐ Dividends, interest, royalties ☐ Child/spousal support ☐ My spouse's income or income from another member of my household (If available)

$ NA from other jobs/sources of income. (Describe) ________

$ NA is my *total* **monthly** income.

**5. What is the value of your property?**

"My **property** includes:

| | Value* |
|---|---|
| Cash | $ Ø |
| Bank accounts, other financial assets | |
| | $ Ø |
| | $ Ø |
| | $ Ø |
| Vehicles (cars, boats) (make and year) | |
| | $ Ø |
| | $ Ø |
| | $ Ø |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| | $ Ø |
| | $ Ø |
| | $ Ø |
| ***Total* value of property** → | $ Ø |

**6. What are your monthly expenses?**

"My **monthly expenses** are:

| | Amount |
|---|---|
| Rent/house payments/maintenance | $ 1500 |
| Food and household supplies | $ 250 |
| Utilities and telephone | $ 250 |
| Clothing and laundry | $ Ø |
| Medical and dental expenses | $ NA |
| Insurance (life, health, auto, etc.) | $ NA |
| School and child care | $ NA |
| Transportation, auto repair, gas | $ NA |
| Child / spousal support | $ NA |
| Wages withheld by court order | $ NA |
| Debt payments paid to: (List) | $ NA |
| | $ NA |
| | $ NA |
| ***Total* Monthly Expenses** → | $ 2,000 |

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**7. Are there debts or other facts explaining your financial situation?**

"My **debts** include: (List debt and amount owed) School loans + personal loans Credit Cards"

(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") ***Check here if you attach another page.*** ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:

☑ I cannot afford to pay court costs.

☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is Rahchidatou Abiboo. My date of birth is: 10/22/1980

My address is 1121 Beachview St, Apt 3108. Dallas, TX 75218 (Street, City, State, Zip Code, Country)

▶ [signature] (Signature) signed on 08/03/21 (Month/Day/Year) in Dallas (county name) County, TX (State)

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*


**101st JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

August 31, 2021

ENVOY AIR INC
C/O DANIEL E FARRINGTON REGIONAL MANAGING PARTNER
FISHER & PHILLIPS LLP
7501 WISCONSIN AVE SUITE 1220W
BETHESDA MD 20814

Cause No: DC-21-11041

RAHCHIDATOU ABIBOU
vs.
ENVOY AIR INC

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

**October 22, 2021 at 9:00 AM**

If an answer has been filed, the case will not be dismissed. Your case will be removed from the dismissal docket and set for trial.

If service of process has been completed but no answer has been filed, you must file a Motion for Default Judgment on or prior to the date of the dismissal docket. Failure to do so will result in dismissal of this case for want of prosecution.

If service of process has not been completed and you wish to retain the case on the docket, you must email the court at 101court@dallascounty.org no later than 3:00 p.m. on the day before the dismissal docket, specifying (1) date petition was filed, (2) the steps taken to attempt to achieve service and (3) how much additional time is needed before filing a Motion for Substitution Service.

If you case is set on the Default Judgment docket, your case will not be dismissed. Your case will be reset on the dismissal docket.

If your case is set on the Motion for Substitute Service docket, your case will not be dismissed. However, if you receive a Notice a Deficiency, the Court expects that the deficiencies be addressed. Your case will be reset on the dismissal docket.

If your case has been settled and is on the Settlement Docket, you must provide the required documents or your case will be removed from the docket.

Sincerely,

Presiding Judge
101st Judicial District Court

CC: ENVOY AIR INC; RAHCHIDATOU ABIBOU