IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAHCHIDATOU ABIBOU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:21-cv-02154-M-BT |
| | § | |
| ENVOY AIR, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Envoy Air, Inc.'s (Envoy's) Motion to Dismiss (ECF No. 5). For the following reasons, the District Court should GRANT the Motion and dismiss all Plaintiff Rahchidatou Abibou's claims with prejudice.

## Background

Abibou originally filed this lawsuit in state court on August 10, 2021. Not. of Rem. Ex. A, at 4 (ECF No. 1-1). In her state-court petition, Abibou claims that she began working for Envoy as a fleet service clerk on or about January 7, 2019. *Id*. at 6. Abibou alleges that beginning March 18, 2019, and continuing through June 20, 2019, she "was repeatedly subjected to discrimination based on her [race and sex], and [was the victim of a] hostile work environment." *Id*. Specifically, Abibou claims that she repeatedly "complained to Envoy['s] managers" that she was "being verbally and sexually harassed and treated poorly" on account of her race, gender, and national origin. *Id*. at 6-7. Abibou further alleges that Envoy "knew or should

have known" about this treatment, and "retaliated against [her] after she reported the [harassment]." *Id.* at 6. According to Abibou, Envoy retaliated against her "by denying her opportunities for employment on the basis of her having opposed violations of company policy." *Id.* at 7. Finally, Abibou asserts that Envoy "took adverse employment action" against her by failing to investigate her complaints and by ultimately terminating her employment in July 2019. *Id.* at 8.

As a result of this alleged conduct, Abibou claims she "suffered from . . . loss of income, bonus pay, vacation time, and will continue to suffer, serious mental and physical anguish." *Id.* Abibou thus seeks unspecified money damages, court costs, attorneys' fees, and an injunction ordering Envoy to "abolish discrimination" and remove or demote "all managers who have violated the agency's policies and failed to meet their legal responsibilities to promptly investigate complaints or to take effective action to stop and deter prohibited personnel practices against employees." *Id.* at 9.

Envoy removed Abibou's lawsuit to this Court on September 9, 2021—before Abibou was able to effect service of her state court petition. Not. of Rem. 1 (ECF No. 1). Subsequently, on September 16, Envoy filed the Motion to Dismiss currently before the Court, asserting that Abibou's claims should be dismissed for failure to state a claim. Def.'s Mot. 1-2 (ECF No. 5). After Abibou failed to respond to Envoy's Motion to Dismiss, Envoy sought a hearing on the Motion. Def.'s Mot. for Hr'g. 1 (ECF No. 6). The Court denied Envoy's Motion for Hearing, and noted that, since Abibou failed to respond, it would consider Envoy's Motion to Dismiss

without the benefit of a response. Ord. (ECF No. 7). In the intervening months, Abibou has still failed to file a response to Envoy's Motion to Dismiss, amend her petition, or otherwise participate in this lawsuit in any way.

## Legal Standard and Analysis

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

I.   <u>Abibou's claims should be dismissed with prejudice because she has abandoned them.</u>

Abibou did not respond to Envoy's Motion to Dismiss. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to a motion to dismiss . . . , the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *see also Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (reasoning that the plaintiff abandoned her claim by failing to contest defendant's arguments for dismissal of that claim); *Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645, at *3 (N.D. Tex. Dec. 31, 2020) (Rutherford, J.), *rec. adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021); *Pena v. PHH Mortgage Corp.*, 2022 WL 398399, at *2 (N.D. Tex. Jan. 24, 2022) (Rutherford, J.), *rec. adopted*, 2022 WL 394759 (N.D. Tex. Feb. 9, 2022).

Here, Abibou has failed to respond to Envoy's Motion to Dismiss, or to participate in this case in any way since its removal. Because Abibou has failed to respond to ABM's Motion, the Court finds that she has abandoned her claims. *See Hernandez v. City of Grand Prairie, Tex.*, 2017 WL 4098596, at *13 (N.D. Tex. Sept. 15, 2017) (Lindsay, J.) ("When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss . . . , the claim is deemed abandoned."). Accordingly, the District Court should grant Envoy's Motion to Dismiss and dismiss all Abibou's claims with prejudice.

II.     Alternatively, the Court should grant Envoy's Motion because Abibou has failed to state a cognizable claim.

Even if Abibou's claims were not abandoned, they should still be dismissed under Rule 12(b)(6). The Court liberally construes Abibou's state court petition with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*Pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Abibou's petition fails to plead sufficient facts to state a claim upon which relief can be granted against Envoy.

Construed liberally, it appears Abibou is attempting to assert Title VII claims for race, gender, and national origin discrimination, hostile work environment, and retaliatory discharge. The Court considers each of these three claims in turn.

With respect to Abibou's claim for discrimination, Title VII prohibits employers from "fail[ing] or refus[ing] to hire [any individual,] . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). At the motion to dismiss stage, "a plaintiff need not submit evidence to establish the prima facie case for discrimination," but "she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible." *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (per curiam) (citing *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam)). To state a claim for discrimination under Title VII, a plaintiff must plead that she "(1) is a member of a protected class; (2) was qualified for the position [s]he held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of [her] protected class." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)).

Here, Abibou successfully pleads that she is a black woman from Africa's Ivory Coast. Not. of Rem. Ex. A, at 5-6. However, her petition fails to include any factual allegations that she was qualified for the position or positions at issue, that she was subject to an adverse employment action, or that she was treated less favorably than similarly situated employees from outside her protected classes. Indeed, Abibou's petition is utterly devoid of factual allegations. At most, Abibou

provides only conclusory statements that she "was repeatedly subjected to discrimination based on her sex [and] race, . . . was being verbally and sexually harassed and treated poorly compared to the non-Black employees[, and] . . . was being harassed and treated poorly compared to the male employees because she is a female." *Id.* at 6. While Abibou baldly states that "Envoy . . . discriminated against [her] in the terms and conditions of her employment on the basis of her protected group status (sex, female and Ivory Coast, Africa)," that serves as her only allegation—she does not plead any particular facts indicating that Envoy discriminated against her because of her protected status. *Id.* at 7; *see also Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (citing 42 U.S.C. § 2000e-2(a)(1)) ("Title VII prohibits discrimination 'because of' a protected characteristic, including race.").

Though Abibou need not "make a showing of each prong of the prima facie test for disparate treatment at the pleading stage," *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (Thomas, J.)), her allegations are too conclusory for the Court to reasonably infer that she was treated differently than other similarly situated employees because of her protected characteristics. *See Thornton v. Dall. ISD*, 2014 WL 46398, at *3 (N.D. Tex. Jan. 6, 2014) (Solis, J.) ("While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and 12(b)(6), he must set forth allegations that would enable the court to reasonably infer that his employer or employment agency

discriminated against him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity." (quoting *Nieman v. Hale*, 2012 WL 3204990, at *4 (N.D. Tex. Aug. 8, 2012) (Lindsay, J.)). Accordingly, Abibou's Title VII discrimination claim should be dismissed. *See Raj*, 714 F.3d at 331 (affirming Rule 12(b)(6) dismissal where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably").

The Court next turns to Abibou's hostile work environment claim. To state such a claim, a plaintiff must plead facts sufficient to show that (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Critically, in order to affect a term, condition or privilege of employment, the conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment." *Ramsey*, 286 F.3d at 268.

Once again, outside of her protected status, Abibou fails to plead any facts indicating that any of these required elements are present in this case. Her only

allegations pertaining to a hostile work environment claim are that she "was repeatedly subjected to . . . [a] hostile work environment . . . [and] was being verbally and sexually harassed and treated poorly." Not. of Rem. Ex. A, at 6. Such allegations are too vague and conclusory to state a hostile work environment claim. *See, e.g.*, *Tapley v. Simplifile, LC*, 2020 WL 208817, at *4 (N.D. Tex. Jan. 14, 2020) (Brown, J.) (finding allegations that plaintiff "experienced severe discrimination, harassment and a hostile environment . . . based on his race" for "the entire term of his employment" insufficient to state a claim where the complaint did not allege specific instances of harassment); *Jones v. FedEx Office & Print Servs., Inc.*, 2017 WL 10126188, at *3 (N.D. Tex. Mar. 23, 2017) (Godbey, J.) (finding that the plaintiff failed to state a hostile work environment claim because she failed to allege any specific instances of harassment). Accordingly, Abibou's hostile work environment claim must also be dismissed.

Abibou's final claim is for retaliatory discharge. Title VII's antiretaliation provision prohibits an employer from discriminating against any employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "To state a claim for retaliation in violation of Title VII, a plaintiff must allege that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse

employment action." *Leal v. McHugh*, 731 F.3d 405, 416-17 (5th Cir. 2013) (internal quotation marks and citation omitted). Though "a plaintiff need not make out a prima facie case of [retaliation] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim," the prima-facie standard "has some relevance at the motion-to-dismiss stage," because in order to sufficiently state a Title VII-retaliation claim, "a plaintiff must 'plead sufficient facts on all of the ultimate elements' to make her cause plausible." *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244, 245 (5th Cir. 2017) (per curiam) (quoting *Raj*, 714 F.3d at 331) (citing *Chhim*, 836 F.3d at 470-71).

Abibou fails to plead any facts sufficient to make a plausible case for retaliatory discharge. Once again, Abibou's petition contains only the most threadbare and conclusory of allegations. The entirety of her allegations pertaining to a retaliatory discharge claim are that Envoy "retaliated against Abibou after she reported" her alleged harassment, that "[Envoy human resources representative] Barbara Russell [told Abibou she was being terminated because] . . . 'your actions and behavior in the June 20 incident were not consistent with Envoy's expectations of our employees and were in violation of our Guiding Principles and Culture of Respect,'" and that Envoy "took action toward Abibou who engaged in protected activity." Not. of Rem. Ex. A, at 6-8. This claim thus fails not only because these allegations are too vague and conclusory to state a claim, but also because they fail to indicate any nexus between Abibou's alleged protected activity, and Envoy's decision to terminate her employment. *See, e.g.*, *Johnson v. McDonald*, 623 F.

App'x 701, 704 (5th Cir. 2015) (affirming dismissal of retaliation claim where facts alleged suggested decisionmaker was unaware of protected activity) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam)); *Ramirez v. Gonzales*, 225 Fed. App'x. 203, 210 (5th Cir. 2007) ("Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker . . . .").

Abibou's vague allegations thus fail to show she is plausibly entitled to relief under any of her alleged claims. Indeed, her allegations do not permit the court to infer even the possibility of misconduct.[1] Even construed liberally, Abibou has failed to meet the federal pleading standard for bringing any claim against Envoy. Accordingly, Abibou's claims should be dismissed under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678-79.

III.   Abibou's claims should be dismissed with prejudice because she has had the opportunity to plead her best case and has failed to do so.

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at

---

[1] Envoy also argues the Court should dismiss Abibou's claim for discrimination based on national origin because she has failed to exhaust her administrative remedies. But failure to exhaust is an affirmative defense and constitutes grounds for dismissal only when the grounds for the defense appear on the face of the complaint. *See, e.g.*, *Nora v. Cushman & Wakefield,* 2020 WL 4573844, at *5 (N.D. Tex. June 22, 2020) (Horan, J.), *rec. adopted*, 2020 WL 4569063 (N.D. Tex. Aug. 7, 2020).

\*2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at \*2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at \*2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at \*1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at \*1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at \*12 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Abibou has had the opportunity to plead her best case and has failed to do so, despite the Court's warning that it was forced to consider Envoy's Motion to Dismiss without a response. *See* Ord. (ECF No. 7). At that point, or at any point thereafter, Abibou could have sought to amend her petition or to file a response to the Motion to Dismiss out of time. However, in the months since this case was removed, Abibou has failed to participate in the lawsuit in any way. Accordingly, Abibou has demonstrated herself an "ineffective litigant" and the Court should

thus refuse to give her "a second chance to develop" this fatally flawed case. *Reliance*, 110 F.3d at 258 (citing *Turnage*, 953 F.2d at 208-09).

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Envoy's Motion to Dismiss (ECF No. 5) and DISMISS all Abibou's claims with prejudice.

**SO RECOMMENDED.**

May 5, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).